UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURY MOSHA, RUSSIAN AMERICA INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS (ICANN), DYNADOT LLC, NAME.COM INC., NAME.COM LLC, NAMECHEAP, INC., NAMESILO, LLC, GRANSY S.R.O., HOSTING UKRAINE LLC, GODADDY.COM, INC., PDR LTD. d/b/a PUBLICDOMAINREGISTRY.COM, REG.RU LLC, SIM-NETWORKS CIS, HETZNER ONLINE GMBH, CLOUDFLARE, INC., VARITI INTERNATIONAL GMBH, HOSTING TECHNOLOGY LTD.,<br><br>        Defendants. | CASE NO.<br><br>Civil Action<br><br>(Removed from Supreme Court, New York County – Index #: 100281/2020) |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant GoDaddy Inc. (incorrectly named as "GoDaddy.com, Inc.") (hereinafter "GoDaddy") hereby removes this action from the Supreme Court of the State of New York, New York County to the U.S. District Court for the Southern District of New York.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 2020, Plaintiffs Yury Mosha and Russian America, Inc. filed a Summons and Complaint in the Supreme Court of the State of New York, New

York County.  *See* Exhibit A.  GoDaddy received notice of the Summons and Complaint via regular mail on March 19, 2020 and was not served through its registered agent.  As of the filing of this Notice of Removal, GoDaddy is unaware as to whether the other defendants have been properly served, and no parties or their counsel have entered an appearance on the docket in the state court proceeding.  *See* Exhibit A.

Plaintiffs bring a libel claim against GoDaddy (Count X) and seek $100,000 in damages.  *See* Complaint ¶¶ 133-142.  Plaintiffs allege that GoDaddy "failed to take down/unregister domain names of the websites at issue," and Plaintiffs allege that those websites contain defamatory statements against them.  *See* Complaint ¶ 141.

Plaintiffs also bring libel claims against each of the other sixteen defendants in separate counts, and in Count XVIII, what appears to be a claim for civil conspiracy against all defendants, for which Plaintiffs seek $1,700,000 in damages.  *See* Complaint ¶¶ 213-222.

## II.     GROUNDS FOR REMOVAL

Removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446 because the amount in controversy exceeds the statutory threshold and there is complete diversity among the parties.  Pursuant to 28 U.S.C. § 1332(a)(3), district courts "shall have original jurisdiction of all civil actions where the amount in controversy

exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties."

### A. The Amount In Controversy Exceeds $75,000

There is a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017); *see also Gasery v. Kalakuta Sunrise, LLC*, -- F. Supp. 3d --, 2019 WL 6329497, at *6 (S.D.N.Y. Nov. 26, 2019) (describing the burden as "hardly onerous" in light of the rebuttable presumption). Each individual libel claim against the seventeen defendants alleges $100,000 in damages, and so each claim is in excess of the statutory threshold, even without aggregation. *See* Complaint ¶¶ 51, 62, 72, 82, 92, 102, 112, 122, 132, 142 (as to GoDaddy), 152, 162, 172, 182, 192, 202, 212. Moreover, Plaintiffs allege in Count XVIII that their damages are $1,700,000, well in excess of the statutory threshold, although it is unclear whether that is a separate claim for $1,700,000 or merely an aggregation of the damages in Counts I-XVII. *See* Complaint ¶ 222.

### B. The Parties Are Completely Diverse

Upon information and belief, there is complete diversity among both the citizen and the alien parties, although only complete diversity among the citizen

parties is required.  *See Bank of New York v. Bank of America*, 861 F. Supp. 225, 229 (S.D.N.Y. 1994).

Plaintiffs allege that they are citizens of New York.  *See* Complaint ¶¶ 2-4.  None of the defendants are alleged to be citizens of New York.  GoDaddy is a citizen of both Delaware and Arizona.  *See* Complaint ¶ 17.  The remaining sixteen defendants are citizens of Arizona, *see* Complaint ¶¶ 10, 14 (NameCheap, Inc. and NameSilo, LLC); California, *see* Complaint ¶¶ 7-9, 22 (Facebook, Inc., ICANN, Dynadot LLC, and Cloudflare, Inc.); Colorado, *see* Complaint ¶¶ 12-13 (Name.com, Inc. and Name.com, LLC); Massachusetts, *see* Complaint ¶ 18 (PDR Ltd); the Czech Republic, *see* Complaint ¶ 15 (Gransy s.r.o.); Germany, *see* Complaint ¶¶ 19, 21 (SIM-Networks and Hetzner Online GmbH); Russia, *see* Complaint ¶¶ 20, 24 (Reg.ru LLC and Hosting Technology Ltd.); Switzerland, *see* Complaint ¶ 23 (Variti International GmbH); Ukraine, *see* Complaint ¶¶ 16 (Hosting Ukraine LLC); and the United Kingdom, *see* Complaint ¶¶ (TLD Registrar Solutions Ltd.).  Although the citizenship of the members of the various defendant limited liability corporations is relevant for diversity purposes, *see ICON MW, LLC v. Hofmesiter*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013), the Complaint does not contain further allegations as to the citizenship of the those defendants.

Because this matter is between citizens of different states (New York versus Arizona, California, Delaware, Colorado, Massachusetts) and citizens or subjects of

4

a foreign state (Germany, Russia, Switzerland, Ukraine, and the United Kingdom), diversity jurisdiction is proper.

### C. The Resident Defendant Rule Does Not Prohibit Removal

Removal is further proper because none of the named defendants are plead to be citizens of the State of New York, where Plaintiffs' Complaint was originally brought. *See* 28 U.S.C. § 1441(b)(2).

## III. COMPLIANCE WITH REMOVAL STATUTES

Removal has been properly effected because the removal is timely and to the appropriate federal district court, no other defendants have been properly joined and served such that their consent to removal is required at this time, written notice will be promptly given to all adverse parties and to the state court from which the matter was removed, and all state-court process has been attached as Exhibit A to this filing.

### A. Timely Removal To The Proper Federal District Court

Removal is timely because GoDaddy filed this Notice of Removal before April 17, 2020. GoDaddy received notice of the Complaint through regular mail on March 18, 2020. Removal is timely when filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Because this Notice of Removal was filed before April 17, 2020,

removal is timely. *See also Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 65 (2d Cir. 2012).

Removal to the U.S. District Court for the Southern District of New York is proper because that district "embrac[es] the place" where the Complaint is pending, which is the Supreme Court of the State of New York, New York County. 28 U.S.C. § 1441(a); 28 U.S.C. § 112(b) (Southern District of New York encompasses, *inter alia*, New York County).

### B. As Of The Time Of Filing, No Other Defendants Have Been Properly Joined And Served

As of the date of filing of this Notice of Removal, no party has entered an appearance in the state court matter, nor does the docket reveal an affidavit of service of process on any party. *See* Exhibit A. To the best of GoDaddy's knowledge, no parties have been properly joined and served with process in the state court action, and therefore their consent is not required at this time. *See* 28 U.S.C. § 1446(b)(2)(A); *Pacific Weststeel Racking Inc. v. Evanston Ins. Co.*, No. 06 CIV. 14243 PKL, 2008 WL 400935, at *3 (S.D.N.Y. Feb. 14, 2008).

### C. Written Notice Will Be Provided To Adverse Parties And The State Court

As set forth in the Certificate of Service for this Notice of Removal, copies of this Notice of Removal, and all attachments thereto, are being sent to Plaintiffs and

to the Supreme Court of the State of New York, New York County.  *See* 28 U.S.C. § 1446(d).

### D. State Court Process Attached

Copies of all state-court process, pleadings, and a current copy of the state court docket are attached hereto as Exhibit A.  *See* 28 U.S.C. 1446(a).

## IV. NON-WAIVER OF AVAILABLE DEFENSES

By removing this case to federal court GoDaddy does not waive any available defenses or admit any allegations made in the Complaint.

## V. CONCLUSION

GoDaddy respectfully submits this Notice of Removal, which is both substantively and procedurally proper.

Dated: March 27, 2020

**COZEN O'CONNOR**

By: *s/William Lesser*
    William Lesser
    45 Broadway, 16th Floor
    New York, New York 10006
    Tel: 212-453-3808
    Email: wlesser@cozen.com

    Paula L. Zecchini
    (to be admitted *Pro Hac Vice*)
    999 Third Avenue, Suite 1900
    Seattle, WA 98104
    Tel: 206-373-7213
    Email: pzecchini@cozen.com

                        Harper S. Seldin
(to be admitted *Pro Hac Vice*)
One Liberty Place, Suite 2800
1650 Market Place
Philadelphia, PA 19103
Tel: 215-665-5590
Email:  hseldin@cozen.com

*Attorneys for Defendant*
*GODADDY INC.*

## **CERTIFICATE OF SERVICE**

I, William Lesser, hereby certify that on March 27, 2020, I caused a true and correct copy of the foregoing Notice of Removal and accompanying papers to be served upon the following via first-class mail:

Yury Mosha
85 Broad Street
New York, NY 10004
(646) 477-0500
yurymosha@gmail.com

*Pro Se Plaintiff*

Dated:  March 27, 2020

**COZEN O'CONNOR**

By:  *s/William Lesser*
     William Lesser
     45 Broadway, 16th Floor
     New York, New York 10006
     Tel: 212-453-3808
     Email:  wlesser@cozen.com

*Attorneys for Defendant*
*GODADDY INC.*