UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURY MOSHA, RUSSIAN AMERICA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS (ICANN), DYNADOT LLC, NAME.COM INC., NAME.COM LLC, NAMECHEAP, INC., NAMESILO, LLC, GRANSY S.R.O., HOSTING UKRAINE LLC, GODADDY.COM, INC., PDR LTD. d/b/a PUBLICDOMAINREGISTRY.COM, REG.RU LLC, SIM-NETWORKS CIS, HETZNER ONLINE GMBH, CLOUDFLARE, INC., VARITI INTERNATIONAL GMBH, HOSTING TECHNOLOGY LTD.,<br><br>Defendants. | CASE NO. 1:20-cv-02608-JGK<br><br>Civil Action |

**RESPONSE TO DEFENDANT FACEBOOK'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES                                                1

INTRODUCTION                                                       3

FACTUAL BACKGROUND                                                 3

LEGAL STANDARDS                                                    4

ARGUMENT                                                           7

I.    AS A CORPORATION, PLAINTIFF RUSSIAN AMERICA CANNOT
      RETAIN A LAWYER, IT SHOULD BE ALLOWED TO PROCEED PRO

1

SE

II.   PLAINTIFFS CLAIMS FALL WITHIN THE EXCEPTION TO THE CDA
      PROTECTION

III.  SINCE THE LAST PUBLICATION THE TIME FOR THE PURPOSES
      OF THE STATUTE OF LIMITATION MAY NOT HAVE RUN AND
      THE PLAINTIFF`S CMAILS ARE NOT TIME BARRED

IV.   CONCLUSION                                                    10

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662
(2009)……………………..……………………………………………………………....3

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)…………………………………………...5

Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007)………………5

Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)………5

Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 530 U.S. 1229 (2000)……...5

Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)……………………………………….. ……………...5

Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000)……………………6

Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002)…………6

United States ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 376 (5th Cir. 2004)……….6

Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977)………… …………………………6

Doe v. Hillsboro Indep. Sch. Dist., 81 F.3d 1395, 1401 (5th Cir. 1996)………………………………6

Adams, 556 F.2d at 293………………………………………………… ………… ……….………..6

Pecarsky v. Galaxiworld.com Ltd. 249 F.3d 167 (2d Cir. 2001)………………………………………7

Gregoire v. G.P. Putnam's Sons, 298 N.Y. 119 (1948)…………………………………………...8

2

Firth v. State, 775 N.E.2d 463, 466 (N.Y. 2002)..................................................9

*Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 124 (2d Cir. 2014)*..................................9

**Statutes**

47 U.S.C. § 230(f)(2)                                                          6

**Rules**

CPLR § 215(3)                                                                  .9

Fed. R. Civ. P. 12(b)(6)                                                    .......3

## INTRODUCTION

Plaintiffs respectfully request that the Court deny Defendant`s Motion to Dismiss their Original Complaint under Fed. R. Civ. P. 12(b)(6).

The complaint states a claim for declaratory and injunctive relief and monetary damages under New York Defamation Law. Plaintiffs respectfully oppose defendant`s motion to dismiss for the following reasons:

1. The defendant's motion that this Court dismiss the Complaint should be denied because as a corporation plaintiff Russian America cannot retail a lawyer, it should be allowed to proceed pro se.

2. Plaintiffs` claims fall within the exception to the CDA protection.

3. Since the last publication the time for the purposes of the Statute of Limitation may not have run and the plaintiffs` claims are not time-barred.

## FACTUAL BACKGROUND

Plaintiffs brought this action against the defendant Facebook action for declaratory and injunctive relief and monetary damages under New York Defamation Law.

Plaintiffs informed the Defendant that some allegations in the article in question were not truthful and were distributed with a sole intention to disparage Plaintiffs and destroy their business.

The content of libelous article could be read from the following link:

https://m.facebook.com/permalink.php?story_fbid=1365130136951785&id=122411900 4386233 , which is currently not available.

Plaintiffs originally filed this lawsuit in the Supreme Court of New York, New York County on February 20, 2020, naming 17 different defendants. Defendant GoDaddy.com, Inc. removed the Complaint to this Court.

Plaintiffs notified Facebook about libelous allegations on its platform and provided evidence to corroborate their request, however the defendant failed to take any actions.

The article which used to be accessible from said link referred plaintiff as "an international swindler and cheater" amongst other misleading allegations.

Since the plaintiffs are in the business of logistics, visa services, and delivery of goods to and from the United States, their business rests heavily on their online reputation, which was compromised by the article posted on the defendant's platform.

4

To restore the justice plaintiffs sought monetary damages as well as a permanent injunction requiring Facebook to remove the Post.

## LEGAL STANDARDS

When the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The "factual allegations of a complaint must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007)* ; *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d*

*464, 467 (5th Cir. 2004) ; Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).*

In ruling on such a motion, the court cannot look beyond the pleadings. *Id.;*
*Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 530 U.S.*
*1229 (2000).*
The pleadings include the complaint and any documents attached to it. *Collins v.*
*Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000).*

The ultimate question in a Rule 12(b)(6) motion is whether
the complaint states a valid claim when it is viewed in the light most favorable to
the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d*
*305, 312 (5th Cir. 2002).*
The court does not evaluate the plaintiff's likelihood of success; instead, it only
determines whether the plaintiff has pleaded a legally cognizable claim. *United*
*States ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 376 (5th Cir.*
*2004).*

When a court deals with a Rule 12(b)(6) motion, its task is to test the
sufficiency of the allegations contained in the pleadings to determine whether they
are adequate enough to state a claim upon which relief can be granted.
*Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977); Doe v. Hillsboro*
*Indep. Sch. Dist., 81 F.3d 1395, 1401 (5th Cir. 1996), rev'd on other grounds, 113*
*F.3d 1412 (5th Cir. 1997) (en banc).*

6

Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams, 556 F.2d at 293.*

## ARGUMENT

**I.     AS A CORPORATION, PLAINTIFF RUSSIAN AMERICA CANNOT RETAIN A LAWYER SHOULD BE ALLOWED TO PROOCED PRO SE.**

The first ground for defendants' motion to dismiss is their contention that the Plaintiff Russian America Inc. is a corporation and has to be represented by a counsel. On March 30, 2020 this Court informed Plaintiffs "that a corporation cannot appear in federal court except as represented by counsel." (ECF No. 8); *accord Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001)* (a corporation only may appear in court with counsel and cannot be represented pro se by its principal).

Corporations can be relieved of the duty to appear by attorney in appropriate economic circumstances. *Fraass Survival Sys. v. Absentee Shawnee Economic Dev. Auth., 817 F. Supp. 7(New York Southern District Court,1993).* The court in Fraass found that the tribe, like a corporation, could plead financial difficulty as the reason for its desire to relieve counsel.

Similarly, in the instant case, the corporation Russian America Inc. is facing

7

bankruptcy proceedings and retaining an attorney would be a heavy financial burden for the corporation. Therefore, it is respectfully asking the Court to allow it to proceed pro se.

## II.   PLAINTIFFS CLAIMS FALL WITHIN THE EXCEPTION TO THE CDA PROTECTION.

Defendant's motion to dismiss because of protection of CDA should also be denied. The CDA immunizes internet platforms like Facebook against claims seeking to hold them liable as the speaker or publisher of content that users post on their platforms. However, Plaintiffs claim fall within the exception to the CDA safe harbor set forth in § 230(e)(2), which states that "[n]othing in this section shall be construed to limit or expand any law pertaining to intellectual property."

The article in question, published on Defendant's platform contained a photograph of the plaintiff, who has a copyright ownership, therefore it receives a copyright protection, thus the Defendant published the article with the photo without Plaintiffs consent and infringed its copyright.

Consequently, the defendant is not protected by the CDA.

## III.   SINCE THE LAST PUBLICATION THE TIME FOR THE PURPOSES OF THE STATUTE OF LIMITATION MAY NOT HAVE RUN AND THE PLAINTIFF'S CMAILS ARE NOT TIME BARRED

The defendants' motion to dismiss on the basis of the claim having been

brought untimely should be denied.

New York has adopted the single publication rule. *Gregoire v. G.P. Putnam's Sons, 298 N.Y. 119 (1948).* The single publication rule applies to the Internet in New York, with the statute of limitations running from the time the defamatory content first appears online. "Republication" of the allegedly defamatory content will restart the statute of limitations. *Id.*

A "republication" occurs upon "a separate aggregate publication from the original, on a different occasion, which is not merely 'a delayed circulation of the original edition.'" *Firth v. State, 775 N.E.2d 463, 466 (N.Y. 2002).*

In the instant case the link to the defamatory article which was accessible at the of the filing the complaint, is not available any longer.

https://m.facebook.com/permalink.php?story_fbid=1365130136951785&id=1224 119004386233

It is not clear whether it was republished before it was removed from the platform of the Defendant.

The New York Court of appeals has indicated that altering the allegedly defamatory content may trigger republication. *Firth v. State, 306 A.D.2d 666 (N.Y. App. Div. 2003).*

If it was republished or altered before the deletion, then the statue of limitation has just began running and plaintiffs 'claim is not time barred.

Moreover, while the Copyright Act has a three-year statute of limitations, most courts follow the "discovery rule," pursuant to which "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 124  (2d Cir. 2014)* (quoting 17 U.S.C. § 507(b)).

In the instant case the defamatory article containing protected photo of the Plaintiffs was published first time in 2018, therefore the plaintiffs are well within the Statue of Limitation for a claim.

It is the defendant's burden to prove whether the plaintiff knew or should have known about the alleged infringement more than three years before it filed suit. *Id.*

Therefore, defendant's motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons the Court should deny defendant Facebook's motion to dismiss.

DATED: New York, New York
             September 1, 2020

                                                    Respectfully submitted.

                                                    Yury Mosha
                                                    414 Clawson Street
                                                    Staten Island, NY 10306

10

Tel: (646) 477-0500
Email: yurymosha@gmail.com
*Pro Se Plaintiff*

11