UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| YURY MOSHA, RUSSIAN AMERICA INC., Plaintiffs, v. FACEBOOK, INC., INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS (ICANN), DYNADOT LLC, NAME.COM INC., NAME.COM LLC, NAMECHEAP, INC., NAMESILO, LLC, GRANSY S.R.O., HOSTING UKRAINE LLC, GODADDY.COM, INC., PDR LTD. d/b/a PUBLICDOMAINREGISTRY.COM, REG.RU LLC, SIM-NETWORKS CIS, HETZNER ONLINE GMBH, CLOUDFLARE, INC., VARITI INTERNATIONAL GMBH, HOSTING TECHNOLOGY LTD., Defendants. | CASE NO. 1:20-cv-02608-JGK<br><br>Civil Action |
|---|---|

## **RESPONSE TO DEFENDANT GODADDY'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES     2

INTRODUCTION     3

FACTUAL BACKGROUND     3

LEGAL STANDARDS     4

ARGUMENT     6

I.    PLAINTIFFS CLAIMS FALL WITHIN THE EXCEPTION TO THE CDA PROTECTION

II. SINCE THE LAST PUBLICATION THE TIME FOR THE PURPOSES OF THE STATUTE OF LIMITATION MAY NOT HAVE RUN AND THE PLAINTIFFS' CLAIMS ARE NOT TIME BARRED

III. RIGHT TO FREE SPEECH DOES NOT EXTEND TO AN ASSERTION ABOUT ILLEGAL CONDUCT

IV. CONCLUSION ........................................................................................... 9

**TABLE OF AUTHORITIES**

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................................................. 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 5

*Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) ........................ 5

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) ...... 5

*Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 530 U.S. 1229 (2000) ...... 5

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ....................................................................... 5

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) .......................... 5

*Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002) ........ 5

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004) ...... 6

*Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977) .................................................... 6

*Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996) ....................................... 6

*Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) ...................................... 9

*United States v. Stevens*, 559 U.S. 460, 468-69, 130 S. Ct. 1577, 176 L. Ed. 2d 435 (2010) ...... 9

## Statutes

| | |
|---|---|
| 47 U.S.C. § 230(f)(2) | 6 |
| 17 U.S.C. § 101 | 7 |

**Rules**

| | |
|---|---|
| CPLR § 215(3) | 9 |
| Fed. R. Civ. P. 12(b)(6) | 6 |

## INTRODUCTION

Plaintiffs respectfully request that the Court deny defendant's Motion to Dismiss their Original Complaint.

The complaint states a claim for declaratory and injunctive relief and monetary damages under New York Defamation Law. Plaintiffs respectfully oppose defendant's motion to dismiss for the following reasons:

1. Plaintiffs' claims fall within the exception to the CDA protection.

2. Plaintiffs' claim of copyright infringement is brought timely.

3. The right to free speech does not extend to an assertion about illegal conduct.

## FACTUAL BACKGROUND

Plaintiffs brought this action against the defendant GoDaddy action for declaratory and injunctive relief and monetary damages under New York Defamation Law.

Plaintiffs informed the Defendant that some allegations in the article in question were not truthful and were distributed with a sole intention to disparage Plaintiffs and destroy their business.

Plaintiffs originally filed this lawsuit in the Supreme Court of New York, New York County on February 20, 2020, naming 17 different defendants. Defendant GoDaddy.com, Inc. removed the Complaint to this Court.

Plaintiffs notified GoDaddy about libelous allegations on its platform and provided evidence to corroborate their request, however the defendant failed to take any actions.

The article in question referred plaintiff as "an international swindler and cheater" amongst other misleading allegations.

Since the plaintiffs are in the business of logistics, visa services, and delivery of goods to and from the United States, their business rests heavily on their online reputation, which was compromised by the article posted on the defendant's platform.

To restore the justice plaintiffs sought monetary damages as well as a permanent injunction requiring GoDaddy to remove the post.

## LEGAL STANDARDS

When the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged the

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*.

While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)*.

The "factual allegations of a complaint must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007) ; Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) ; Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)*

In ruling on such a motion, the court cannot look beyond the pleadings. Id.; *Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 530 U.S. 1229 (2000)*.

The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000)*.

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).

The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

When a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.

*Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), rev'd on other grounds, 113 F.3d 1412 (5th Cir. 1997) (en banc).

Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293

## ARGUMENT

### A. PLAINTIFFS CLAIMS FALL WITHIN THE EXCEPTION TO THE CDA PROTECTION.

Defendants move to dismiss Plaintiffs' Complaint for a) defendant's immunity as an interactive computer service provider under the Communications Decency Act and b) failure to file the claim within the Statute of limitation.

1. **Defendant's motion to dismiss because of protection of CDA should be denied.**

The CDA immunizes internet platforms like GoDaddy against claims seeking to hold them liable as the speaker or publisher of content that users post on their platforms. However, Plaintiffs claim fall within the exception to the CDA safe harbor set forth in § 230(e)(2), which states that "[n]othing in this section shall be construed to limit or expand any law pertaining to intellectual property."

The article in question contained a photograph of the plaintiff, who has a copyright ownership, therefore it receives a copyright protection. The Defendant published the article with the photo without Plaintiffs' consent and infringed their copyright.

Consequently, the defendant is not protected by the CDA.

2. **The plaintiffs claim of copyright infringement is brought timely.**

The Copyright Act ("Act"), 17 U.S.C. § 101 et seq., grants copyright protection to "original works of authorship" that are "fixed in any tangible medium of expression." § 102(a). Copyright only extends to the expression of ideas – words, pictures, and sounds – but not to the ideas themselves. § 102(b).

While the Copyright Act has a three-year statute of limitations, most courts follow the "discovery rule," pursuant to which "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 124 (2d Cir. 2014)* (quoting 17 U.S.C. § 507(b)).

In the instant case the defamatory article (available at the link https://blackmark.club/2018/08/09/yurij-mosha-mezhdunarodnyj-aferist-i-moshennik/) , containing protected photo of the Plaintiffs was published on August 8th, 2018, therefore the plaintiffs are well within the Statue of Limitation for a claim.

It is the defendant's burden to prove whether the plaintiff knew or should have known about the alleged infringement more than three years before it filed suit. *Id.*

### 3. Right to free speech does not extend to an assertion about illegal conduct.

From 1791 to the present . . . the First Amendment has permitted restrictions upon the content of speech in a few limited areas . . . . [The prevention and punishment of these] historic and traditional categories long familiar to the bar[,] including. . . fraud . . . and speech integral to criminal conduct. *United*

States v. Stevens, *559 U.S. 460, 468-69, 130 S. Ct. 1577, 176 L. Ed. 2d 435 (2010).*

Here, the libelous article refers Plaintiff as a swindler and a scammer, among other accusation of commission a crime, therefore that category of speech is not protected under First Amendment to the U.S. Constitution.

## CONCLUSION

For the foregoing reasons the Court should deny defendant GODADDY's motion to dismiss.

DATED: New York, New York
October 12, 2020

Respectfully submitted.

Yury Mosha
414 Clawson Street
Staten Island, NY 10306
Tel: (646) 477-0500
Email: yurymosha@gmail.com
Pro Se Plaintiff