**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────

**YURY MOSHA ET AL.,**

                        **Plaintiffs,**          **20-cv-2608 (JGK)**

        **- against -**                          **MEMORANDUM**
                                                 **OPINION AND ORDER**
**FACEBOOK INC. ET AL.,**

                        **Defendants.**
────────────────────────────────

**JOHN G. KOELTL, District Judge:**

        The plaintiffs, Yury Mosha and Russian America Inc.
("Russian America"), brought this action for libel against 17
defendants in the Supreme Court of the State of New York, New
York County. Defendant GoDaddy.com, Inc. ("GoDaddy") removed the
action to this Court, invoking diversity jurisdiction pursuant
to 28 U.S.C. §§ 1332, 1441, and 1446. Defendants Facebook, Inc.
("Facebook") and Namecheap, Inc. ("Namecheap") consented to the
removal. Defendants Facebook, GoDaddy, and Namecheap now move
dismiss the complaint for failure to state a claim pursuant to
Federal Rule of Civil Procedure 12(b)(6). For the reasons
explained below, the motion is **granted.**

**I**

The following facts are drawn from the Complaint ("Compl.") and are accepted as true for the purposes of this motion.

Mr. Mosha is domiciled in New York state. Compl. ¶ 4. Russian America is a New York-based corporation. Id. ¶ 5. Mr. Mosha is a businessman well known in Russia, Ukraine, and other post-Soviet countries. Id. ¶ 34. Mr. Mosha founded Russian America to provide logistics and visa services. Id. ¶ 35.

The articles at issue in the complaint were published on several websites and question whether Mr. Mosha is a law-abiding person. Id. ¶ 36. Mr. Mosha provides various documents in the complaint to demonstrate the falsity of the accusations contained in these articles. Id. ¶ 37. The defendants are various website hosting services, website registrars, and social media companies that were used to publish the articles about Mr. Mosha, and that Mr. Mosha contacted in order to remove the articles from the websites. Id. ¶¶ 6-24, 40. In particular, Mr. Mosha alleges that the articles were published by Facebook on October 9, 2018, by NameCheap on June 20, 2017 and by GoDaddy on February 11, 2018. Id. ¶¶ 46, 97, 136. Mr. Mosha alleges, "based on the information available to [him]," that all defendants were "agents or codefendants of the agents" that produced the libelous statements against him. Id. ¶¶ 43, 94, 134. Mr. Mosha informed the defendants about the allegedly false and libelous

statements, but they did not take down or unregister the domain names of the websites at issue. Id. ¶¶ 50, 101, 141. As a result, the libelous content interfered with Mr. Mosha's current and prospective contractual relationships and resulted in losses. Id. ¶¶ 51, 102, 142. Mr. Mosha is seeking damages of $100,000 from each defendant.

## II

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).[1] The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." <u>Id.</u> When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. <u>See Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002).

When faced with a <u>pro se</u> complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010). "Even in a <u>pro se</u> case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." <u>Id.</u>; <u>see also Yajaira Bezares C. v. The Donna Karan Co.</u>

Store LLC, No. 13-cv-8560, 2014 WL 2134600, at *1 (S.D.N.Y. May 22, 2014).

### III

The defendants Facebook, Namecheap, and GoDaddy move to dismiss the complaint on three grounds. First, the defendants argue that the corporate plaintiff Russian America cannot proceed without counsel and should be dismissed from the case. Second, the defendants argue that the claims are barred by the Communications Decency Act (the "CDA"). And third, the defendants argue that the libel claims are time-barred.

### A

As a preliminary matter, plaintiff Russian America must be dismissed from the case because it is a corporation not represented by counsel.

28 U.S.C. § 1654 provides that "[i]n all courts of the United States[,] the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Courts have interpreted this provision "not [to] allow for unlicensed laymen to represent anyone else other than themselves." Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). "Courts also have interpreted this section to preclude a corporation from appearing through a lay representative." Id. Accordingly, the Court of Appeals for the

Second Circuit has "long . . . required corporations to appear through a special agent, the licensed attorney." Id.

Russian America is a corporation and Mr. Mosha has proceeded pro se, representing both himself and Russian America. Because Mr. Mosha is not an attorney and because corporations cannot appear in federal courts without counsel, Russian America is dismissed without prejudice.

**B**

The defendants next argue that Mr. Mosha's claim is barred by the CDA.

Section 230 of the CDA provides that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Subject to certain delineated exceptions, see id. § 230(e), the section thus shields a defendant from civil liability when: (1) it is a "provider or user of an interactive computer service," as defined by § 230(f)(2); (2) the plaintiff's claims treat the defendant as the publisher or speaker of information, id. § 230(c)(1); and (3) that information is "provided by" an "information content provider," id. § 230(f)(3), other than the defendant interactive computer service. Force v. Facebook, Inc., 934 F.3d 53, 64 (2d Cir. 2019). Congress enacted Section 230 to "preserve the vibrant and competitive free market that presently

exists for the Internet and other interactive computer services, unfettered by Federal or State regulation." FTC v. LeadClick Media, LLC, 838 F.3d 158, 173 (2d Cir. 2016) (citing 47 U.S.C. § 230(b)(2)). "In light of Congress's objectives, the Circuits are in general agreement that the text of Section 230(c)(1) should be construed broadly in favor of immunity." Force, 934 F.3d at 64.

Here, it is plain that Section 230 protects all three defendants from liability in the libel action brought by Mr. Mosha. First, all three defendants are providers of an interactive computer service. Indeed, numerous courts have held that social media companies and website hosting services fall within the definition. See, e.g., Cohen v. Facebook, Inc., 252 F. Supp. 3d 140, 156 n.10 (E.D.N.Y. 2017) ("The Second Circuit has not considered whether social media platforms in particular are 'interactive computer services' within the meaning of the law; however, other courts have readily concluded that such websites (and Facebook in particular) fall into this category."), aff'd, Force, 934 F. 3d at 64 (noting that the parties do not dispute that Facebook is an interactive computer service); Ricci v. Teamsters Union Local 456, 781 F.3d 25, 28 (2d Cir. 2015) (applying the CDA to GoDaddy as an interactive computer service).

Second, there is no question that the complaint treats each of the three defendants as the publisher or speaker of information. See Compl. ¶¶ 46, 97, 137.

Third, the libelous information came from information content providers distinct from the three defendants. As the complaint acknowledges, all three businesses facilitate the publication of information created by other parties. Specifically, the complaint states that the alleged libelous information was provided by the plaintiffs' competitors in an attempt to harm the plaintiffs' business. It is therefore plain that the complaint is seeking to hold the defendants liable for information provided by parties other than the defendants. Mr. Mosha attempts to plead around these facts by alleging, "based on the information available to [him]," that all defendants were "agents or codefendants of the agents" that produced the libelous statements against him. Id. ¶¶ 43, 94, 134. However, such speculative, conclusory allegations without factual support cannot serve as a basis for a claim.

Accordingly, the providers here fall within the immunity created by Section 230(c)(1). Indeed, Mr. Mosha does not dispute this in his response, but asserts that the claim falls within the exception to the CDA set forth in Section 230(e)(2), pursuant to which "[n]othing in this section shall be construed to limit or expand any law pertaining to intellectual property."

47 U.S.C. § 230(e)(2). Mr. Mosha argues that the articles in question contained a photograph of the plaintiff covered by copyright and their publication thus resulted in infringement. This argument fails for two reasons.

First, if Mr. Mosha wants to bring a copyright claim against the defendants, a response to a motion to dismiss his libel claim is not an acceptable avenue for such a claim. Even though the Court must construe a pro se complaint "liberally and interpret it to raise the strongest arguments that it suggests," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), a pro se plaintiff "may not raise entirely new causes of action for the first time in his opposition papers [unless] the claims could have been asserted based on the facts alleged in the complaint." Davila v. Lang, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (collecting cases). Here, Mr. Mosha's allegations do not add up to a valid claim of copyright infringement. Most importantly, a copyright owner who claims infringement must demonstrate "both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." Spinelli v. Nat'l Football League, 903 F.3d 185, 197 (2d Cir. 2018). Nothing in the complaint or anywhere else in Mr. Mosha's papers demonstrates his ownership of a valid copyright, besides his bare assertion of one. Accordingly, the Court need not entertain the copyright claim.

Second, even a valid, properly presented copyright claim over a photograph would have no bearing on the libel claim based on the statements made in the articles. Section 230(e)(2) states that the CDA does not "limit or expand any law pertaining to intellectual property." While this means that Mr. Mosha can bring a copyright claim unimpeded by the CDA, it does not then grant him the license to use such a copyright claim as a vehicle for other, unrelated claims, such as the libel claim at issue here. Therefore, any alleged copyright infringement does not affect the defendant's immunity under the CDA from libel claims brought by Mr. Mosha.

Accordingly, the libel claim is barred by Section 230 of the CDA.

### C

Finally, the defendants argue that the libel claim is also time-barred.

Under New York law, "an action to recover damages for . . . libel [or] slander" must be "commenced within one year," N.Y.C.P.L.R. §215(3), "measured from the date of publication of the allegedly defamatory statement." Blair v. Meth, 977 N.Y.S.2d 318, 318 (App. Div. 2013).

Here, the alleged publications occurred between June 2017 and October 2018, more than a year before Mr. Mosha filed his complaint in February 2020. Mr. Mosha speculates that the

libelous content may have been republished since the original
publication and, if it were republished, that would make the
complaint timely. New York law generally measures the statute of
limitations from the first publication by a defendant. See
Gregoire v. G. P. Putnam's Sons, 81 N.E.2d 45, 47-48 (N.Y. 1948)
(articulating the single publication rule); Firth v. State, 775
N.E.2d 463, 465 (N.Y. 2002) (applying the single publication
rule to the Internet). There are no allegations in the complaint
that would be sufficient to trigger the narrow republication
exception to the single publication rule. See Firth, 775 N.E.2d
at 466-67. In any event, mere speculation about republication
does not toll the statute of limitations on the publications
alleged in the complaint.

Separately, Mr. Mosha also argues that he brought the claim
within the three-year limitations period applicable to copyright
infringement claims. However, while the three-year limitations
period may allow him to pursue a copyright claim, it cannot save
a time-barred libel claim.

Accordingly, the complaint is dismissed.

## CONCLUSION

The Court has considered all of the arguments raised by the
parties. To the extent not specifically addressed, the arguments
are either moot or without merit. For the foregoing reasons, the
motion to dismiss is **granted**. Because the plaintiff is

proceeding pro se, while it is unclear what he could allege and survive a motion to dismiss, the plaintiff may file an amended complaint within 30 days of the date of this order. If the plaintiff fails to file an amended complaint, the claims will be dismissed with prejudice. If the plaintiff files an amended complaint, the defendant shall move or answer within the time limits set out by the Federal Rules of Civil Procedure. No pre-motion conference is necessary. The Clerk is directed to close Docket Nos. 21, 27, 33. The Clerk is directed to mail a copy of this order to the pro se plaintiff.

**SO ORDERED.**

**Dated:    New York, New York**
**          January 22, 2021**                 **/s/ John G. Koeltl**
                                               **John G. Koeltl**
                                     **United States District Judge**